JEANE HAMILTON (CSBN 157894)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Jeane.hamilton@usdoj.gov
Telephone: (415) 934-5300

Attorney for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS LEGAULT,<br><br>Defendant. | Case No. CR 4:11-00429 PJH<br><br>**UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. §5K1.1**<br><br>Date: September 20, 2017<br>Time: 2:30 p.m.<br>Court: Hon. Chief Judge Phyllis J. Hamilton |

The United States respectfully requests that this Court sentence defendant Thomas Legault to (1) serve five months of custody, based on the government's motion for a downward departure of 35 percent from the low end of the Guidelines range for substantial assistance; (2) serve three years of supervised release; (3) pay a criminal fine of $20,000; (4) pay restitution of $2,411; and (5) pay a $100 special assessment. This sentence is consistent with the parties' Fed. R. Crim. P. 11(c)(1)(A) and (B) plea agreement.

//

//

//

**BACKGROUND**

The defendant worked as a solo investor at the foreclosure auctions in Contra Costa County. After becoming recognized as a regular participant in the auctions, he was eventually invited into the bid-rigging and participated for twelve months, from January 2010 until January 2011.[1] As a member of the conspiracy, the defendant rigged auctions for properties that he was interested in purchasing. Unlike some of his coconspirators, the defendant did not participate in rounds for properties that he was not interested in purchasing in for the sole purpose of earning a bid-rigging payoff. In total, he purchased three properties and received payoffs for an additional three properties.

The defendant was first interviewed by the FBI on January 11, 2011. After initially denying his involvement, the defendant admitted his participation and quickly began cooperating. PSR ¶¶ 14-21. Defendant was re-interviewed pursuant to the cooperation provision of his plea agreement on August 11, 2011. He was forthcoming, corroborating other witnesses and providing relevant documents.

Defendant entered his original guilty plea to one count of mail fraud and one count of bid rigging on October 12, 2011. On December 5, 2016, his plea was withdrawn by stipulation, and the Honorable Judge Westmore presided over a change of plea hearing in which defendant entered a guilty plea to the bid-rigging count only, pursuant to a revised plea agreement. Minute Entry, Doc. No. 41. The Court adopted Judge Westmore's Report and Recommendation accepting defendant's guilty plea. Order, Doc. No. 42.

**ARGUMENT**

A.    **Sentencing Guidelines Calculations**

1.    **Criminal History**

In Paragraph 12 of the Plea Agreement, the parties agree that defendant's Criminal History Category is determined by the Court. The Presentence Report (PSR) calculates the defendant's Criminal History Category as I. PSR ¶ 40. The United States agrees.

//

---

[1] The government concurs with the description of the conspiracy contained in the Presentence Report (PSR).

## 2.     Offense Level

The PSR calculates the total offense level as 11, which is consistent with the plea agreement.  PSR ¶ 35.  This calculation includes a one-level increase to the base offense level of 12 for conduct involving the submission of non-competitive bids and no increase for a volume of commerce (the parties agree the affected volume of commerce is $754,605), resulting in an offense level of 13 before an additional reduction of two points for acceptance of responsibility.  U.S. Sentencing Guidelines Manual ("U.S.S.G.") §§2R1.1(b)(1), 3B1.2(b), 3E1.1(a) (U.S. Sentencing Comm'n 2010).

Under the Sentencing Guidelines, an offense level of 11 and Criminal History Category of I results in a sentence ranging from 8 to 14 months of imprisonment.

## 3.     Fine and Restitution

The PSR calculates a fine range of $20,000 to $37,730.  PSR ¶ 81; U.S.S.G. §2R1.1(c)(1) (fine range shall be from one to five percent of the volume of commerce, but not less than $20,000).  In Paragraph Nine of the plea agreement, the government agrees to recommend a fine range between $20,000 and $37,730.  For the reasons discussed below, the government recommends a  fine at the low end of this range, but notes that a higher fine of at least $20,000—the minimum recommended by the Guidelines—would be appropriate should the Court impose a fine as an alternative to incarceration.

The PSR notes that the defendant has agreed to pay restitution.  In the plea agreement, the parties agree the defendant will pay $2,411 in restitution.  PSR ¶ 83.

In its order accepting Judge Westmore's report and recommendation regarding defendant's guilty plea, the Court accepted defendant's guilty plea but "reserve[d] ruling on whether it will accept the plea agreement, if any, pending receipt of the presentence report."  Order, Doc. No. 42.  Because the plea agreement is consistent with the Guidelines calculation in the PSR, the government will make a motion for the Court to accept the plea agreement at the sentencing hearing.  The government will also move to dismiss the remaining count in the Information.

//

**B.      Basis for Downward Departure for Substantial Assistance**

The government moves, pursuant to Section 5K1.1 of the Guidelines, for a downward departure for substantial assistance to the investigation under the Rule 11(c)(1)(B) plea agreement in this case.  The government recommends a 35 percent reduction from the low end of the Guidelines range of eight months, resulting in a sentence of approximately five months.  This recommendation is based on a number of factors.  First, a significant consideration is the timing of defendant's decision to plead guilty and cooperate.  Defendant pleaded guilty in 2011; he was one of the first defendants to accept responsibility for his criminal conduct. The defendant pled guilty far earlier than the other members of the Contra Costa County conspiracy.  His cooperation likely had an effect on his coconspirators' decisions to plead guilty and cooperate in the investigation as well.

The government's recommendation is also based on the extent and value of the information provided by defendant.  Defendant sat for one debrief interview with the government in which he provided some corroborating information regarding the operation of the conspiracy and provided an account of various targets' conduct in furtherance of the bid-rigging conspiracy. This interview did not, however, result in any new investigative leads or the discovery of new evidence.  The defendant did not testify in any of the six trials.

Based on the foregoing, a 35 percent reduction for substantial assistance is appropriate.

**C.      Sentencing Recommendation**

The government's recommendation of five months is reasonable and not greater than necessary in light of the factors articulated in 18 U.S.S.C. § 3553.  The most compelling factors weighing in favor of the recommendation are the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and the need to afford adequate deterrence to future bid-rigging offenses and white-collar crime generally.

Defendant participated in the bid-rigging conspiracy on at least six properties, which impacted approximately $754,605 in commerce.  The defendant profited from the conspiracy; however, an assessment of the history and characteristics of defendant should take into account certain mitigating factors previously identified by the Court for similarly situated individuals,

especially the defendant's decision to accept responsibility and cooperate in the investigation. The defendant cooperated almost immediately, was forthcoming and sincere.

Based on these circumstances, a sentence greater than five months is not necessary in light of the factors articulated in 18 U.S.C. § 3553.

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court sentence defendant Thomas Legault to (1) serve five months of custody, (2) serve three years of supervised release, (3) pay a fine of $20,000, (4) pay restitution of $2,411, and (5) pay a $100 special assessment.

Dated: September 13, 2017                    Respectfully submitted,


_____/s/_____
JEANE HAMILTON
United States Department of Justice
Antitrust Division

US' SENT'G MEMO.                    5
No. CR 11-00429 PJH